UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VISION FILMS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-643 |
| | ) | (PHILLIPS/GUYTON) |
| V. | ) | |
| | ) | |
| DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is Plaintiff's Motion and Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. For the reasons stated herein, the Plaintiff's motion will be **GRANTED**.

**I.    BACKGROUND**

On December 12, 2012, Plaintiff filed the instant suit alleging copyright infringement and contributory copyright infringement. [Doc. 1]. Plaintiff alleged that the Defendants acted in "a collective and interdependent manner via the Internet in unlawful reproduction and distribution" of Plaintiff's copyrighted motion picture, "Blood Money," by means of interactive "peer-to-peer" file transfer technology called BitTorrent. [Doc. 1 at ¶ 4].

The Plaintiff has identified each Defendant – currently referred to as Does 1-20 – by the internet protocol ("IP") address assigned to the Defendant by his or her internet service provider ("ISP") at the time of the alleged infringing activity. [Doc. 1 at ¶ 25]. Further, Plaintiff has found the ISP for each Defendant, the torrent file copied and distributed by each Defendant, and

the location, by state, of most Defendants at the time of allegedly infringing download. [Id.]. Plaintiff intends to subpoena the ISPs that issued the Defendants' IP addresses to learn the identity of the account holders of the IP addresses. [Id. at ¶ 26].

In the instant motion, Plaintiff seeks leave to serve limited discovery on the ISPs, who provided the IP addresses to the alleged infringers, prior to conducting a Rule 26(f) conference. [Doc. 4 at 6]. Plaintiff maintains that the case law from similar litigation in federal courts supports granting leave to subpoena the names and identifying information of the users of the IP addresses alleged to have infringed. [Id. at 6-7]. The Plaintiff explains that it has obtained the IP addresses of the persons alleged to have infringed its copyright, [see Doc. 1-3], and it has cross-referenced these IP addresses with publically-available databases that list the IP address ranges assigned to various ISPs. [Doc. 4 at 11]. The Plaintiff submits that the ISPs maintain user logs with personal information identifying the persons or entities using the IP address. [Id. at 12]. These user logs are not publically available. Plaintiff, thus, moves the Court for leave to serve subpoenas on the ISPs directing them to provide information identifying the users of the various IP addresses. [Id. at 12-13]. Plaintiff requests the name and contact information for the persons or entities using these IP addresses. [Id. at 12].

Plaintiff submits that good cause exists for granting the relief requested, because: (1) Plaintiff is suffering irreparable harm; (2) Defendants will not be prejudiced by the narrowly tailored discovery requests; and (3) without this information, Plaintiff cannot remedy the alleged infringement. [Id. at 13-15].

II.     ANALYSIS

A court may authorize a party to take discovery before conducting a Rule 26(f) conference in the interests of justice. See Fed. R. Civ. P. 26(d); Arista Records, LLC v. Does 1-

2

15, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts within the Sixth Circuit require a showing of good cause in order to permit such discovery. See Arista Records, 2007 WL 5254326, at *2; Best v. Mobile Streams, Inc., 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012). "Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." Arista Records, 2007 WL 5254326, at *2-3. Generally, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Robinson v. Doe, 2008 WL 5069249, at *2 (S.D. Ohio Nov. 24, 2008) (quoting Gillespie v. Civiletti, 629 F2d. 637, 642 (9th Cir. 1980)).

In this case, the Court finds that the Plaintiff's request is well-taken. The Court finds that the Plaintiff has identified the Defendants with sufficient specificity through Exhibit 3 to the Complaint, which states: the IP address assigned to each Doe Defendant, the date and time of the alleged illegal download, the hash identifier of the file downloaded, the ISP used, and the city and the county of the IP address. [Doc. 1-3].

In addition, the Plaintiff has adequately described the steps it took to locate and identify the Doe Defendants. The Plaintiff has submitted the Declaration of Darren M. Griffin, a software consultant, who attests that he investigated and collected data relating to the unauthorized distribution of the Plaintiff's copyrighted materials on BitTorrent-based peer-to-peer networks. [Doc. 4-1 at ¶¶ 21-33].

Further, Plaintiff has pled the elements to state a claim for copyright infringement. [Doc. 1 at ¶¶ 56-70].

Finally, the Plaintiff has demonstrated that the proposed discovery and/or subpoena seeks information likely to lead to identifying information that will allow the Plaintiff to effectuate

service of process on the Doe Defendants. The Court finds that there is little chance of prejudice to the alleged infringers, and the Court finds that the value in finding the alleged infringers outweighs any prejudice that might result.

In sum, the Court finds that the Plaintiff has shown good cause for allowing limited, early discovery in the form of subpoenaing ISPs to provide the names and contact information of IP users identified in Exhibit 3 to the Complaint.

### III. CONCLUSION

Accordingly, the Plaintiff's Motion and Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference **[Doc. 4]** is **GRANTED**. The Plaintiff is **GRANTED** leave to subpoena identifying information from the internet service providers listed in Exhibit 3 to the Complaint, [Doc. 1-3], prior to completing a Rule 26(f) scheduling conference. Specifically, the Plaintiff is **GRANTED** leave to subpoena – in a manner consistent with Rule 45 of the Federal Rules of Civil Procedure – the name, address, and phone number of the persons or entities who use the twenty (20) IP addresses listed in Exhibit 3 to the Complaint, [Doc. 1-3]. The Court's ruling is limited to the tailored request for relief made in the instant motion, and the Plaintiff may not pursue additional early discovery without first seeking leave of Court.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

4

Case 3:12-cv-00643-TAV-HBG   Document 7   Filed 04/03/13   Page 4 of 4   PageID #: 56